**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **3:02-CR-405-N** |
| | ) | **(3:05-CV-1109-N)** |
| **DEMESHIA RACHEL DAVIS, # 29709-177,** | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Statement of the Case: Movant pled guilty pursuant to a plea agreement to mail fraud and tax evasion in violation of 18 U.S.C. § 1341 and 26 U.S.C. § 7201. On March 24, 2003, the District Court sentenced her to 41 months imprisonment on each count to run concurrently, a three-year term of supervised release, and restitution in the amount of $1,767,137.92. United States v. Davis, 3:02cr405-N (N.D. Tex., Dallas Div.). Movant did not appeal.

On May 27, 2005, Movant filed this § 2255. In the first and second grounds, she challenges her sentence in light of the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, ___ U.S. ___,

125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). (See § 2255 Mot. at 5-6). Specifically, she alleges that Blakely and Booker warrant vacating her sentence and the waiver of her right to appeal the sentence. In the third ground, Movant alleges the government failed to submit a 5K1 motion at sentencing as stipulated in the plea agreement. (Id.).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking relief under 28 U.S.C. § 2255. See 28 U.S.C. § 2255 ¶6; United States v. Dodd, 125 S. Ct. 2478, 2480 (2005). The district court may raise the affirmative defense of the statute of limitations *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[2]

Paragraph 6 of § 2255 provides that the one-year limitation period shall run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Pursuant to United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (citing Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), Movant's § 2255 motion is deemed filed for determining application of the AEDPA on May 25, 2005, when she signed her motion and handed it to prison officials for mailing.

[2] On June 6, 2005, the Court advised Movant of the one-year statute of limitations and granted her thirty days to show cause why the § 2255 motion should not be dismissed as barred by the limitation period. Movant filed her response to the show cause order on June 14, 2005.

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255 ¶ 6(1)-(4).

Movant's sole explanation for the untimely filing of this § 2255 motion is that Booker and Blakely were recently decided. (See § 2255 Mot. at 6, and Movant's Response to Show Cause Order at 1). Relying on ¶ 6(3) of § 2255, she argues that the one-year statute of limitations began "to run from the date the new[ly] recognized right was asserted by the Supreme Court." (Movant's Response at 1). Contrary to Movant's assertion, the requirements of ¶ 6(3) have not been satisfied. In Dodd, the Supreme Court recognized that the commencement date of ¶ 6(3) "does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' -- have not been satisfied." 125 S.Ct. at 2482. Neither the Supreme Court nor the Fifth Circuit has made Blakely and/or Booker retroactively applicable to cases on collateral review. See United States v. Garcia, 2005 WL 1489926, at *2, No. 3:03cr0268-L, 3:05cv0493-L (N.D. Tex., Dallas Div., Jun. 22, 2005).[3]

Absent a ruling by the Supreme Court or the Fifth Circuit that Blakely and/or Booker are retroactively applicable to collateral review case, ¶ 6(3) is inapplicable. See United States v.

---

[3] In the context of a second or successive motion under § 2255, the Fifth Circuit has held that the United States Supreme Court did not make Booker retroactively applicable to cases on collateral review. See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam). While the Fifth Circuit has not yet addressed the applicability of Booker to a first § 2255 motion, the circuits that have considered the question have determined that the Booker decision is not retroactive to collateral review cases. See Guzman v. United States, 404 F.3d 139, 141-44 (2nd Cir. 2005), pet. for cert. filed, No. 05-5187 (Jul. 5, 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005), pet . for cert. filed No. 05-5130 (May 17, 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir), cert. denied, 125 S. Ct. 2559 (2005).

Espinoza, No. 3:97-CR-257-G, No. 3:04cv2505-G (N.D. Tex., Dallas Div., Sept. 2, 2005) (findings, conclusions and recommendation by Magistrate Judge Ramirez) (holding that "[i]n the absence of a pronoucement by the Supreme Court or the Fifth Circuit that Blakely applies retroactively to cases on collateral review, ¶ 6(3) does not apply to delay the commencement of the limitations period . . . ."). Therefore, Movant's reliance on ¶6(3), to calculate the limitations period from the date the Supreme Court decided Blakely and/or Booker, is premature. Id.[4]

With respect to the remaining subsection of paragraph 6, Movant has alleged no impediment created by government action under subparagraph (2) that prevented him from filing this § 2255 motion. See ¶ 6(2). Moreover, the facts supporting the claims raised in the instant § 2255 motion became known or could have become known at sentencing, prior to the date Movant's judgment of conviction became final. See ¶ 6(4). Thus, the court will calculate the one-year statute of limitations from the date Movant's conviction became final at the conclusion

---

[4]   Movant relies on United States v. Lopez, 248 F.3d 427, 432-33 (5th Cir. 2001), which like Dodd held that the one-year limitation period begins to run from the date on which the new right was recognized by the Supreme Court, rather than the date on which the retroactivity decision is made. In Lopez and in Dodd, movant relied on Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), which created a newly recognized right, which was subsequently made retroactively applicable on collateral review. In the present case, unlike Lopez and Dodd, neither Blakely nor Booker has been made retroactively applicable to collateral review case. Therefore, as previously concluded, it is premature to rely on ¶ 6(3) to commence the limitation period from the date on which the Supreme Court decided either Blakely or Booker.
   The Supreme Court in Dodd recognized that when a right is made retroactively applicable more than one year after the Supreme Court first recognizes the right, a potentially harsh result may occur. 125 S. Ct. at 2483. The Supreme Court, however, is "not free to rewrite the statute that Congress has enacted." Id. It stated: "The disposition required by the text, here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions." Id.

of direct review or upon the expiration of the time for seeking such review.  See ¶ 6(1).

Movant's conviction became final on April 8, 2003, the last day on which he could have appealed to the Fifth Circuit Court of Appeals from the judgment of conviction entered on March 24, 2003.  See Fed. R. App. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.").[5]  The one-year period began to run on April 9, 2003, and expired on April 8, 2004.  Movant did not file this § 2255 motion until May 25, 2005, more than one-year after the expiration of the one-year period.  Therefore, Movant's § 2255 motion is clearly untimely absent equitable tolling.

While the one-year limitation period can be equitably tolled in "rare and exceptional circumstances," United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), Movant has presented no facts warranting equitable tolling.  Nor does the record disclose any basis for equitable tolling.

---

[5]  Although Movant was sentenced on March 24, 2003, the judgment of conviction was not entered on the docket until the next day, March 25, 2003.  The court has relied on the latter date in calculating the ten-day period for appeal purposes under Fed. R. App. P. 4(b)(1)(A).

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 as time barred.

A copy of this order will be mailed to Movant.

Signed this 8th of September, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.